IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                    Plaintiff,                    ORDER

v.

                                               10-cr-175-bbc

SHAON ARCH,

                    Defendant.
_____

Although I told the parties at the January 6, 2012 telephonic status conference that the next round of their dispute over medicating defendant Shaon Arch would occur before the district judge, they did not heed the court's admonition to bring this matter to her attention before January 13, 2012, so currently I am the only judge familiar with this case who is available to respond to the government's latest submission:

On January 17, 2012, the government filed a January 17, 2012 letter [dkt. 48-1] from Dr. Robert G. Sarrazin, M.D., Chief of Psychiatry at FMC-Springfield, in which Dr. Sarrazin noted, among other things, that defendant's November 10, 2011 involuntary medication proceeding before Dr. Wolfson was held pursuant to 28 C.F.R. 549.46(a), not 549.46(b) as stated by the court in its previous order. The court accepts this correction and amends its recitation of the operative facts to reflect this. Dr. Sarrzain further reports that the medication has had the desired effect, and that defendant has shown a "marked improvement in his mental status." I interpret the penultimate paragraph of page 3 of Dr. Sarrazin's letter to be FMC-Springfield's opinion that defendant is one missed shot of Haloperidol away from slipping back into a "grave disability." The next shot is scheduled to be administered in two days, on January 20, 2012.

The question remains: because the basis for the decision to administer medication to defendant involuntarily was based on Dr. Wolfson's finding of a grave disability, if administration of the medication has succeeded in abating defendant's grave disability and has allowed defendant

now to function and communicate effectively, does FMC-Springfield have the authority, without another hearing, to continue to administer medication to defendant involuntarily in order to prevent a predicted quick regression into his previous state? Dr. Sarrazin's letter strongly implies that the answer is "yes," and that defendant does not have the right, at this time, to decline the medication.

Although defendant's consent to receiving his next shot of Haloperidol would obviate a lot of the parties' dispute, I infer that no one actually has asked defendant if he will consent, probably because his care providers deem consent irrelevant at this stage. To the same effect, a *Sell* motion from the government could clean up the record significantly at this point, notwithstanding the government's position that *Harper* controls everything that has happened so far, and apparently, everything that's going to happen regarding the administration of antipsychotic drugs to defendant at FMC-Springfield.

All this being so, I will not order FMC-Springfield not to administer a shot of haloperidol to defendant on January 20, 2012 because Dr. Sarrazin's letter suffices–barely and inferentially–in setting forth a medical opinion that this shot is necessary to protect defendant from relatively rapid, possibly extreme deterioration in his personal functioning.

Any appeal of this order before January 30, 2012 will have to be to Judge Conley.

Entered this 18th day of January, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge